NO. 07-08-0302-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 24, 2009

_____

CLIFTON WAYNE HARDEN, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 54,244-A; HONORABLE HAL MINER, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**CONCURRING OPINION**

I agree with the result reached by the majority, and I applaud the decision to address Appellant's issues as presented, however, I write separately to express my opinion that Appellant's general premise is incorrect and, therefore, the trial court did not give an incorrect admonishment as to the possible range of punishment.

Appellant, Clifton Wayne Harden, Jr., was indicted for the offense of possession of a controlled substance, to-wit: cocaine, in an amount of less than one gram.[1] In addition to the primary offense, the indictment alleged Appellant had previously been convicted of the second degree felony offense of aggravated assault in cause number 31,597-B, in the 181st District Court of Potter County, Texas, on November 9, 1992.[2] The indictment further alleged that, before the commission of the primary offense and after the conviction in cause number 31,597-B became final, Appellant was previously convicted of the second degree felony offense of possession of a controlled substance in cause number 39,360-A, in the 47th District Court of Potter County, Texas, on November 16, 1998.[3]

Appellant contends that because the primary offense in cause number 39,360-A was for a state jail felony offense it could not be used to enhance the primary offense in

[1] *See* Tex. Health & Safety Code Ann. § 481.115(b) (Vernon 2003). Depending upon the aggregate weight of the controlled substance, an offense under § 481.115 can range from a state jail felony to a special felony punishable by imprisonment in the Institutional Division of the Texas Department of Criminal Justice for life or for a term of not more than 99 years or less than 10 years, and a fine not to exceed $100,000. Without more, the offense alleged in this cause would be a state jail felony punishable by confinement in the State Jail Division of the Texas Department of Criminal Justice for any term of not more than 2 years or less than 180 days and a fine not to exceed $10,000. Tex. Penal Code Ann. § 12.35(a), (b) (Vernon 2003).

[2] *See* Tex. Penal Code Ann. § 22.02 (Vernon 2008). An offense under § 22.02 is a felony of the second degree, except that the offense is a felony of the first degree if the offense is committed under circumstances described in § 22.02(b).

[3] *See* Tex. Health & Safety Code Ann. § 481.115(b) (Vernon 2003). The indictment in cause number 39,360-A alleged that Appellant intentionally and knowingly possessed a controlled substance, to-wit: cocaine, in an amount of less than one gram. In addition to the primary offense, the indictment alleged that Appellant had previously been convicted of the felony offense of rape in cause number 3447, in the 31st District Court of Gray County, Texas, on June 11, 1982. The indictment further alleged that, before the commission of the primary offense and after the conviction in cause number 3447 became final, Appellant was previously convicted of the second degree felony offense of aggravated assault in cause number 31,597-B, in the 181st District Court of Potter County, Texas, on November 9, 1992. As such, in cause number 39,360-A, Appellant was convicted of a second degree felony. *See* Tex. Penal Code Ann. § 12.42(a)(2) (Vernon Supp. 2008).

this cause to a second degree felony. Appellant is incorrect. If it is shown on the trial of a state jail felony punishable under section 12.35(a) that the defendant has previously been finally convicted of two felonies, and the second previous felony is for an offense that occurred subsequent to the first previous conviction having become final, on conviction of the primary offense the defendant shall be punished for a second degree felony. *See* Tex. Penal Code Ann. § 12.42(a)(2) (Vernon Supp. 2008).

The offense charged in cause number 39,360-A was not a "non-aggravated state jail felony" punishable under Texas Penal Code § 12.35(a); but was, instead, a state jail felony punishable as a second degree felony under § 12.42(a)(2). In that cause number, Appellant was convicted of the state jail felony offense of possession of a controlled substance (primary offense), and it was both alleged and shown that he had previously been finally convicted of two felonies (cause numbers 3447 and 31,597-B), and the second previous felony (aggravated assault, cause number 31,597-B) being for an offense that occurred subsequent to the first previous conviction (rape, cause number 3447) having become final. As such, Appellant was convicted of a second degree felony offense in cause number 39,360-A.

Here, Appellant was convicted of the state jail felony offense of possession of a controlled substance (primary offense), and it was both alleged and shown that he had previously been finally convicted of two felonies (cause numbers 31,597-B and 39,360-A), and the second previous felony (cause number 39,360-A) being for an offense that

3

occurred subsequent to the first previous conviction (cause number 31,597-B) having become final. As such, upon conviction, Appellant was subject to being punished for a second degree felony. *See* Tex. Penal Code Ann. § 12.42(a)(2) (Vernon Supp. 2008).

Accordingly, the trial court did not err in admonishing Appellant as to the potential range of punishment.

Patrick A. Pirtle
Justice

Do not publish.